IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3370-FL

| | |
|---|---|
| RANDY ALEXANDER WATTERSON and JEFF R. WATTERSON, | ) ) ) |
| Plaintiffs, | ) ) |
| -- OMAR R. DUNN, | ) ) |
| Intervenor-Plaintiff, | ) ) ) |
| v. | ) ) |
| DAVID MILLIS, CHRISTOPHER AUER, DENNIS DANIELS, FNU FENNELL, SEAN DILLARD, MONICA BOND, FARAH PARKS, LEON CASTERLOW, LILLY BALANCE, GAIL COLLINS, JOHN DOES, DARCELL CARTER, KIMBERLY D. GRANDE, MARY POLLARD, UNION SUPPLY DIRECT, KENNETH LASSITER, FNU PITZER, FNU SWAIN, FNU ROGERS, FNU DANCE, FNU BAKER, FNU HERNANDEZ, DAVID GEOUGE, FNU HICKS, FNU WILSON, REUBEN F. YOUNG, ERIK A. HOOKS, ROY COOPER, JOHN KAISER, AMY STROUPE, ASHLEY HALE McKNIGHT, LARRY M. DUNSTON, AVERY-MITCHELL CITY JAIL ADMINISTRATOR, CITY JAIL MEDICAL NURSE, AVERY-MITCHELL CITY POLICE OFFICER, and N.C. DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| -- GERALD DAVID LEWIS and JOSEPH LYNN STEWART, | ) ) ) ) |
| Interested Parties. | ) |

ORDER (positioned beside defendants block)

Plaintiffs Randy and Jeff Watterson filed this pro se civil rights action alleging claims under 42 U.S.C. § 1983, North Carolina law, and international treaties. The matter is before the court for frivolity review of plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e), and plaintiffs' motions for leave to file amended complaint, (DE 13, 16), to extend statute of limitations, (DE 15), and for return of original document, (DE 18). The matter also is before the court on plaintiff Jeff Watterson's motions to proceed in forma pauperis, (DE 23, 28), and motions to join this action as plaintiffs, (DE 25, 26, 29), by putative intervenor plaintiff Omar R. Dunn ("Dunn") and interested parties Gerald David Lewis ("Lewis") and Joseph Lynn Stewart ("Stewart"). For the reasons that follow, the court grants plaintiffs' motions to amend, to extend statute of limitations, and for return of original document; denies the intervenor plaintiff and interested parties' motions to join this action as plaintiffs; grants plaintiff Jeff Watterson's motions to proceed in forma pauperis; and dismisses plaintiffs' amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8(a).

## BACKGROUND

Plaintiff Randy Watterson, a state inmate, commenced this action by filing complaint on December 26, 2018, asserting defendants violated his constitutional rights by retaliating against him, censoring his mail, placing him in solitary confinement, and similar complaints related to his conditions of confinement. The court completed initial frivolity review of the complaint on August 30, 2019, and entered detailed order that explained the deficiencies in the complaint, dismissed certain claims as frivolous, and allowed plaintiff Randy Watterson to file amended complaint particularizing certain claims. The court's order directed plaintiff Randy Watterson as follows:

> In sum, the court finds plaintiff's claims alleging retaliation, unconstitutional conditions of solitary confinement, and interference with plaintiff's mail – plaintiff's sixth, seventh, and eighth claims – may proceed. The court dismisses plaintiff's first, second, third, fourth, and fifth claims without prejudice to assert them in a habeas corpus action. The court dismisses plaintiff's ninth claim [alleging denial of access to the courts] as frivolous. The court dismisses plaintiff's tenth claim, alleging anti-competitive conduct and unfair and deceptive trade practices, without prejudice to file the claim in a separate civil action. Finally, the court dismisses plaintiff's claims against defendant Grande alleging improper denials of grievance appeals as frivolous.
>
> <u>Plaintiff is directed to file amended complaint particularizing his claims for retaliation, unconstitutional conditions of solitary confinement, and interference with his mail within 21 days of entry of this order.</u> Plaintiff's amended complaint must carefully follow the instructions set forth above for identifying the correct defendants in this action. Plaintiff's amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's prior filings to glean any misplaced claims.

(DE 14 at 9-10) (emphasis added).

Plaintiff did not comply with these instructions. Instead, plaintiff filed a sprawling 83-page handwritten complaint alleging 18 separate claims for relief against approximately 36 defendants.[1] The factual background section alone comprises 314 separately numbered paragraphs, some of which have subparts. Seventeen of the claims are brought under numerous distinct legal theories. Plaintiff Randy Watterson's brother, Jeff Watterson, is a named plaintiff in the amended complaint, and plaintiffs appear to be attempting to bring a class action on behalf of other prisoners.

In direct contravention of the court's order, the amended complaint asserts numerous claims unrelated to plaintiff Randy Watterson's claims for unconstitutional conditions of solitary confinement, retaliation, or censorship of his mail. For example, plaintiffs allege that officials at the Avery-Mitchell city detention center denied plaintiff Jeff Watterson access to medical care,

---

[1] The amended complaint's caption does not clearly delineate each individual defendant.

that law enforcement officers located in the Western District of North Carolina conducted an unconstitutional search of plaintiffs' private residence, that prison officials unconstitutionally revoked plaintiff Randy Watterson's rights to visit with plaintiff Jeff Watterson, and numerous additional distinct claims unrelated to the claims the court directed plaintiff to particularize.

**COURT'S DISCUSSION**

A.  Motions to Amend

Plaintiffs seek leave of court to file an amended complaint. A plaintiff may amend his complaint once as a matter of course "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Where defendants have not been served with the complaint and therefore have not filed any responsive pleadings or motions, the court grants the motions to amend as a matter of course. Plaintiff Randy Watterson's correspondence to the court, (DE 20), requests that the court consider the corrected amended complaint filed September 20, 2019, as the operative amended complaint in this action.

B.  Initial Review of Amended Complaint

The court now turns to the initial review of plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e). Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist."

4

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). A complaint states a claim on which relief may be granted if the plaintiff alleges sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint also must comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555. In determining whether the complaint complies with Rule 8, the court considers: 1) the length and complexity of the complaint; 2) whether the complaint is clear enough to enable the defendant to know how to defend himself; and 3) whether the plaintiff was represented by counsel. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Furthermore, to join multiple defendants in a single action, plaintiffs must comply with Federal Rule of Civil Procedure 20. Rule 20(a)(2) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). The court may "deny joinder [of

multiple defendants] if it determines that the addition of the party under Rule 20 will not foster the objectives of [trial convenience and expeditious resolution of disputes], but will result in prejudice, expense, or delay." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]."); see also Fed. R. Civ. P. 21 (providing improperly joined defendants may be dismissed "at any time").[2]

Plaintiffs' amended complaint does not comply with Rule 8(a)(2), Rule 20(a)(2), and the court's August 30, 2019, order. As set forth above, plaintiffs' 83-page amended complaint contains 314 individually numbered paragraphs (some of which include subparts) in the factual background section alone. The final 14 pages of the complaint assert 18 separate claims for relief supported solely by cross references to specified portions of the factual background. The disparate factual claims range from illegal search and seizure of plaintiffs' private residence, to denial of medical care in a municipal detention facility, to numerous distinct constitutional claims premised on defendants' alleged mistreatment of plaintiff Randy Watterson at three separate North Carolina prisons. Plaintiffs also appear to assert facial constitutional challenges to various North Carolina prison policies. And to add further complexity, the 18 claims for relief are premised on numerous distinct legal theories, including violations of the United States Constitution, federal statutes, international treaties, the North Carolina Constitution, North Carolina common law, and North Carolina statutory provisions.[3]

---

[2] Rule 20 review also is appropriate here where plaintiffs' motion to amend seeks to add new defendants to this action. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001).

[3] For example, the seventh claim for relief is premised on the following legal theories: "cruel and unusual

6

Rule 8 does not require that the court sift through this morass of disparate legal claims and irrelevant factual allegations to determine whether plaintiffs have alleged viable claims for relief, and which defendants are allegedly responsible for the viable claims. See McGuirt, 114 F. App'x at 558–59 (affirming dismissal of complaint that was "both long and complex and fail[ed] to state its claims clearly enough for the defendants to know how to defend themselves"); see also Garst, 328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."); Sewraz v. Long, 407 F. App'x 718, 719 (4th Cir. 2011) (reversing Rule 8 dismissal where "the Defendants could easily determine what causes of action applied to them and what factual allegations supported each cause of action."). Plaintiffs also have failed to comply with Rule 20 in that they have not shown that at least one claim for relief alleged against each defendant is part of the same series of transactions or occurrences or that a question of law or fact common to all defendants will arise in the action. See Saval, 710 F.2d at 1031; Fed. R. Civ. P. 20(a)(2).

Accordingly, the court dismisses plaintiffs' amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs must file these disparate claims as separate actions that comply with Rule 20 and Rule 8(a)(2). The court also declines to grant further leave to amend in this action where plaintiff Randy Watterson has been afforded one opportunity to file amended complaint and failed to comply with the court's instructions for amending the complaint. See

---

punishment, deliberate indifference in violation of the [Eighth Amendment to the United States Constitution], Due Process in violation of the Fifth and Fourteenth [Amendments to the United States Constitution], violation of the Universal Declaration of Human Rights, the United Nations Convention Against Torture, Article 1 of the U.N. Convention, Article 1, Section 19, 27 [of the North Carolina Constitution], intentional infliction of emotional distress, negligence, gross negligence, sedition and fraud." (Am. Compl. (DE 19) at 72). Although plaintiffs provide cross references to certain factual allegations that allegedly support these claims, plaintiffs make no attempt to connect such allegations to the elements of these numerous, distinct legal theories, instead leaving that task to the court and defendants.

Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (explaining nature of dismissal is a matter of discretion for the district court and court may consider "previous opportunities to amend" when determining whether to allow further amendment). As set forth below, to the extent plaintiffs' claims were timely when plaintiffs filed this action, the court will extend the statute of limitations for one year from the date of this order, and thus plaintiffs will not be significantly prejudiced by this dismissal.

C.      Motion to Extend Statute of Limitations

Plaintiffs also move for an order extending the statute of limitations as to any claims that the court dismisses without prejudice. Pursuant to North Carolina Rule of Civil Procedure 41(b), "[i]f the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." N.C. ST. RCP § 1A-1, Rule 41(b). This rule applies to the statute of limitations for plaintiffs' § 1983 claims and all state law claims. See Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) (explaining statute of limitations for § 1983 claims is borrowed from state law); Scoggins v. Douglas, 760 F.2d 535, 537-38 (4th Cir. 1985) (state tolling rules apply to § 1983 claims unless inconsistent with federal policy underlying the cause of action); Cannon v. Exum, No. 86-1019, 1986 WL 17225, at *2 (4th Cir. Aug. 13, 1986) (applying North Carolina Rule of Civil Procedure 41 to toll statute of limitations for § 1983 claim and explaining the rule is not inconsistent with federal policy underlying § 1983).

Accordingly, the court construes plaintiffs' motion to extend statute of limitations as a request that the court specify the limitations period for any claims dismissed without prejudice in

8

this action shall be extended for one year pursuant to North Carolina Rule of Civil Procedure 41(b). That motion is granted. Any new action based on the § 1983 or state law claims dismissed herein, to the extent such claims were timely when plaintiff filed the original or amended complaints in this action,[4] may be commenced within one year or less after the date of this order.

D.  Motion for Return of Original Documents

Plaintiff Randy Watterson's motion for return of original documents requests that the clerk return the original copy of his amended complaint filed at docket entry 16. As a one time courtesy, the court will return the original copy of the complaint. Plaintiffs, however, are responsible for maintaining their legal records. Future requests for copies will require payment of the copying costs as the rate of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule).

E.  Motions for Joinder and to Proceed In Forma Pauperis

Intervenor plaintiff Dunn and interested parties Lewis and Stewart move to join as plaintiffs in the instant action. Because the court dismisses this action without prejudice, such motions are denied as moot.

Plaintiff Jeff Watterson, a named plaintiff in the amended complaint, moves to proceed in forma pauperis in this action. The court finds plaintiff Jeff Watterson has demonstrated the requisite inability to pay the filing fees in this action, and the motions therefore are granted. See 28 U.S.C. § 1915(a).

---

[4] The court offers no opinion regarding whether such claims were timely when plaintiff filed the original or amended complaints. To the extent the claims were already barred by the statute of limitations when plaintiff filed them in this action, the court lacks authority to extend the statute of limitations. See N.C. ST. RCP § 1A-1, Rule 41(b).

**CONCLUSION**

Based on the foregoing, the court GRANTS plaintiffs' motions to amend, (DE 13, 16), for return of original document, (DE 18), and to extend statute of limitations, (DE 15). The clerk is DIRECTED to return to plaintiff Randy Watterson the original copy of docket entry 16, with exhibits. Plaintiff Jeff Watterson's motions to proceed in forma pauperis, (DE 23, 28), are GRANTED. Plaintiff intervenor Dunn's motion to intervene, (DE 25), and interested parties Lewis and Stewart's motions to join as plaintiffs, (DE 26, 29), are DENIED AS MOOT. The court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any new action based on the § 1983 or state law claims dismissed herein, to the extent such claims were timely when plaintiff filed the original or amended complaints in this action, may be commenced within one year or less after the date of this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge